Good morning. Good morning. My name is Jeff Barber. We're here dealing with enforcement of the Federal Provision 25 U.S.C. 1621 E subsection D is the specific issue in this appeal. Enforcement of A&M C's lien cannot operate to deny the injured person the portion of the recovery for that portions, well that portion of the person's damages. That portion of the person's damages specifically relates to their other personal injury damages aside from the tribal entities medical expenses. Counsel, why does this statute have anything to do at all with the relationship between the health care provider and the individual who received the care? It is called reimbursement from third parties and it seems to refer only to the relationship between the health care provider and third parties in both its old and its new form. Right. Well the third party, this was a tort recovery in the first place against the third party who injured the plaintiff in tort. Right and so this statute would deal with that but it appears to me at least to have no effect whatsoever on any lien or any relationship between the health care provider and the individual. Well the recovery. One would be through the lien, the other would be through direct causes of action. In all of these different avenues they're all subject to the provisions of subsection D which specifically refers to the injured person and not operating to deny the injured person the recovery for that portion of the person's damages. In subsection D the person is misplaced. Right but the action that's taken under this statute is not an action against her directly or relating to the lien against her. It's an action against the tortfeasor which did not, the United States never took an action against the tortfeasor. Right. In the same, in an action against the tortfeasor, the same provision applies. I mean it's a limitation of the ability of A&MC to put its interest and compete against the injured native beneficiary for recovery of benefits. Any instance. Why isn't it simply covered by Alaska's, by Alaska's own medical lien provisions? Well in this particular instance A&MC argued that it did not, those provisions did not apply and the reason was because they didn't comport with the statutory requirements under the Alaska hospital liens. Well that may be but that's a question of state law that's not in front of us. Right. They're relying solely on their federal claim of lien. That's the issue in this appeal. The state lien issues are not an issue right now and that's why we're not talking about all of the different deficiencies with the state hospital lien provisions. A&MC files both. They file a state lien and a federal lien. I think they conceded that the state liens were deficient because they didn't meet the statutory requirements. They're relying solely. If we were to hold that section 1621 E simply has no application to this in all its glory would be dealt with either by the district court as a supplemental jurisdiction matter or by the state court. No because the A&MC's right of recovery is based, I mean if you took, if you tossed out subsection D you're left still with the other avenues that subsection D modifies which is its enforcement of its right under you know its claim of lien. Now there is no specific lien language in the 1621. Well there is a state health care provider lien in this case that was, it may be deficient for reasons that we don't know because we aren't asked to understand the state law but there is a state law permitting a health care lien and there is in fact a lien in in the record. Correct. So it's there whether it's enforceable is another question I You can pretend for this instances of being here that it's not there. That it is not an issue. We are not dealing with enforcement of the state. Right we're not but if we were to hold that this federal statute simply has no application whatsoever it neither requires a state lien nor prevents the enforcement of a state lien it's just not relevant then presumably the parties will be left to deal with that in some other form. If the entire other provisions not just subsection D were inapplicable to the hospital's claims that would be the case but the hospital is relying on other provisions we're relying on subsection D. Your position is that you think the 1621 does cover the hospital's claim against your client. It covers the hospital's claims we disputed the lien claim we lost that issue in the lower court we're not disputing that in this regard. The lien, there's no language of there's no enforcement mechanism there's no judicial action overseeing their claim of recovery there's no time limits in the federal statutes there's all kinds of problems with them just filing a piece of paper and asserting a federal lien based on a federal law but we're at this instance you know we've essentially limited our appeal to this one specific issue which is having to do with if we're going to you know if we lost the issue about whether this was limited by the subsection that specifically referred to the injured person's rights. I don't think that I mean one of the issues that the judge made a specific finding was was that Miss Blatchford would be unjustly enriched if she were to receive this right of recovery. You know this was a lady who was critically injured in an auto collision as conceded by the hospital the native entity. She had $60,000 over that of hospital expenses that were private hospitals separate from A&MC, separate from this hospital lien. It was $119,000 total recovery, maximum insurance recovery is available in this case. This idea that in addition to I mean after attorney's fees and costs and $60,000 of other medical expenses, lifelong pain and suffering, lifelong loss of earning, diminished earning capacity, lifelong disfigurement that she would be unjustly enriched by the fact that she could avoid well I don't know if she would even have been able to avoid bankruptcy frankly dealing with the issue of the other private hospitals claims in this case. It's hard to imagine that Congress would have envisioned that this provision would have been you know meant to deprive a vulnerable injured native of what limited security they had in an injury when that recovery is inadequate. It's inadequate to begin with. It's an equitable issue. We had a lot of issues dealing with the fact that you know it's like in the Allborn case with Medicaid. You know Allborn's a different, dealt with a different statute, Medicaid's a different statute. There is nothing in that language in the federal language for the Medicaid claim that deals with equitable principles like made whole. The Supreme Court created that essentially out of whole cloth and application of equitable principles which is the same principles that we're relying on in this case. Common law principles of equitable made whole. In another instance it deals with the common fund doctrine with the attorney fee issue. In any case we start with you know the statute of construction beginning with the express language of the statute and that's what we were relying on with this argument in this case was enforcing the specific language to apply to Ms. Blatchford's case. I don't know if there's other questions I want to do reserve. Yes you're welcome to reserve your last two minutes. Thank you Mr. Garber. Morning may it please the court. Richard Monkman for the Alaskan Native Tribal Health Consortium. With me today is Michael Douglas who's on the brief. The Alaskan Native Tribal Health Consortium operates the Alaskan Native Medical Center here in Anchorage. Person to a compact with the Secretary of Health and Care Trauma Center for Native Health Care in Alaska in a state-of-the-art hospital providing care to approximately 100 and somewhere between 120 and 140 thousand Alaskan Natives and American Indians who reside here in the state. Counsel what does this statute 1621e have to do with a lien filed against the recovery of the injured person? It appears to relate only to reimbursement from directly from third parties. I'd say in this case your honor the reimbursement issue was insurance proceeds from the injured parties automobile insurance well direct and uninsured motorist coverage. So except that what's the the statute provides for enforcement of your right against third parties by intervening or joining a civil action against the third party or instituting your own civil action against a third party neither one of those things happen. The proceeds went directly to the injured person and you have a lien and I guess I just failed to see what this statute has to do with it at all but there's either a valid lien under state law or there isn't but which is not directly before us but I'm struggling with when when the statute gives you specific rights and you're not going through any of the hoops that it counterclaim plaintiffs in this suit against Ms. Flashford as the holder of the insurance policy proceeds. But the statute doesn't provide for that the statute says that you can intervene in an action brought by the person that's not this against a third party or you can file your own action against a third party but it doesn't appear to provide an action against the individual served. Judge Burgess says a reason below which I think was sound is that it's a distinction without a difference whether you are seeking direct recovery from the insurance company or seeking direct recovery or recovery of the settlement proceeds when you first learn about them. To hold otherwise would mean that plaintiffs counsel could essentially avoid paying either the secretary or the health consortium in any kind of insurance settlement by simply not notifying. Would this provision allow you to bring a direct action against Ms. Flashford even if she hadn't obtained any insurance proceeds? What if you simply thought she had the money? No it would not your honor this is strictly against third-party proceeds and Ms. Flashford is entitled to medical care at no personal cost. Now you changed the language of the statute just slightly when you answered my question I don't know if you noticed that you didn't say you said it entitled them to sue for third-party proceeds which is different from suing third parties which is what the statute said as Judge Draper has pointed out. I think it says any responsible or liable third party. We're not suing. I'm sorry what statutory text are you relying on? 1621 E subparent A right of recovery. An Indian tribe or tribal organization shall have the right to recover from an insurance company, health maintenance organization, third-party tort fees or or any other responsible or liable third party. Right and then on enforcing it in subsection E it permits you to intervene or join a civil action brought by the individual and I'm paraphrasing here or instituting your own action for relief. Right and there you know I disagree with opposing counsel in terms of how Alaska law does come into this. Alaska law does provide for a hospital unit allows any health care provider to file a lien to give notice to the world and specifically allows a lien to be filed against settlement proceeds. Why isn't that the appropriate mechanism in this case? It's not in front of us to determine whether the lien that was filed here is fully valid under state law but why isn't that your recourse? We believe the statute gives both the Secretary and tribal health organizations a cumulative range of remedies that it is the mechanism by which in federal law allows the tribal health consortium here to execute against any remedy it has in order to have a native patient. Do you know of any other any other case or any situation which in which a hospital has gone against the patient under 1621E? I do not your honor we have had I think three district court decisions in Alaska involving insurance proceeds in which the district courts have uniformly. In which you were actually suing the the recipient of health services who had actions against the insurance companies. Well you know it was in all three cases your honor involved insurance settlements where the tribal health consortium had put the attorneys on notice that we we have a right of recovery against those proceeds and in all three cases the the attorneys for the plaintiffs there for the patients you know filed suit and the consortium responded similar to here. So it's a situation where you know these cases are invisible to a degree the plaintiffs cases are invisible to any health care provider. The way the health care system for reimbursement works is that the health care providers file liens to put the world on notice that we have a claim for reimbursement whether it's a private hospital with a lien under Alaska state law or a tribal hospital, tribally operated federal hospital. Is there anything under state law of which you are aware that would preclude in generic terms the enforcement of a health care lien simply because it's a tribal hospital? No quite the contrary your honor the Alaska Supreme Court has that the tribal hospitals are entitled to utilize a state court route. So there is a remedy even if this statute is not the applicable route? There is remedy yes your honor. It but we look view this statute as I think Alaska Supreme Court's phrase was as federalizing the state remedy and it's discussed below with Judge Burgess you know his view was that the state remedy exists it can be enforced by the Tribal Health Consortium through this statute. There is a savings clause within the statute which provides that you know no no state law may diminish or reduce the right of recovery. Your recovery here is limited to the amount of the proceeds that you receive from the insurance company is that correct? That's correct your honor. If you were to file under the state lien law you would not be well that's correct and you know we could go after the court fees. But you theoretically are not limited by the by whatever she's received from the insurance company if you file under state law? That's correct your honor although you know we still as the as a governmental program for which she's a beneficiary we would not be seeking recovery from her personal assets but from third part recovery from third parties yes indeed there it's one of the tort fees or had additional assets that could have been used we don't know what other insurance might be available but we do know is that Ms. Blatchard received insurance proceeds which are now in her attorneys trust account or were I'm sorry yes they have paid them to us since the judgment and that's what we were seeking. So we're strictly seeking third-party revenues as we see it in accordance with the statute from a responsible party. Even though it's not even though it's been paid over presumably it's not moved because if we reverse you'd have to give the money back right is that why it's not moved? Yes I think that's correct your honor the you know and I would say you know again this the money went into the attorneys trust account it didn't actually get to Ms. Blatchard or at least the $53,000 at issue because we had filed a lien as the district you know the Alaska District Court allows us to do we filed a lien to put you know the the world on notice that these costs were expended from Ms. Blatchard's benefit and we were entitled to recover them so the the proceeds went into trust and at that point the dispute began so they weren't actually paid over to Ms. Blatchard. I don't think we have any further questions. Thank you very much. Thank you very much and Mr. Barber you have a couple of minutes remaining. Yes the money was held in trust because even though there was a dispute we as an obligation of the trust fund well as attorneys for the court we're not we can't disperse disputed funds and so although the A&MC made a claim of lien and we thought it was invalid because they didn't follow the state hospital lien laws and they didn't file the federal lien until we actually filed a declaratory action in this case claiming the invalidity of the state hospital lien laws but in any case it was held in fund because they were disputed. The problem here is that there's when we're talking about well third-party recoveries in this particular case only part of the recovery that we're dealing with was technically a third-party recovery from the tortfeasor on behalf of the insurance company that paid to release the claim. The other half was first-party insurance benefits and specific to Ms. Blatchford it was based on a first-party claim and there's a big distinction between first party and third party claims. We didn't really get into that in this case but it's another issue it has to do with the fact that there's no allocation when we deal with recovery of what you know as Mr. Monkman's indicated a personal asset to Ms. Blatchford versus a recovery that's a specific medical expense recovery. This isn't health insurance. You know the benefits are for the penalty of damages that a person suffers compensation for all the different things. If we had a trial the case went to a verdict we would have a verdict form that said $300,000 for pain and suffering, $500,000 for loss of earnings and diminished earning capacity, a hundred and however much you know $60,000 for A&MC's medical expenses, $60,000 for the medical expenses. They'd all be earmarked and the problem here is that A&MC because it's it's a non-segregated fund they want to compete with the injured native for the entire amount regardless of whether that money is for injury for compensation for pain and suffering or other matters. That's at the heart of this matter here is that it's it's this competition of the tribal entity and the government against the individual for a specific limited recovery. We talked a little bit about the federal rights and how it relates with the states. It was in the ANTHC versus ER case that the A&MC's position or the tribal entity's position was that it was specifically the federal legislation 1621 allows it to utilize the state hospital lien laws. That should be the normal avenue that they follow. The injuries are not invisible to the tribe. The injured person or the tribal entity goes to the hospital. The hospital um... You are, but you may quickly sum up if you wish. Thank you. The hospital's on notice. The hospital has a third party recovery department. They seek you know why this person injured in an auto collision. Is there insurance? Is there someone to bill? Is there health insurance? Can we bill Medicaid for this treatment? It's not invisible to the tribe. They file the liens based on you know the third party recovery just as easily as they could file a third party intervention. So in any case it's competing against the person whom the government has the quasi-fiduciary trust relationship with and in this case puts the burden on the least um the person least able to deal with the shortfall. Thank you. Thank you counsel. We appreciate the arguments of both counsel. They've been very helpful and the case is submitted.
judges: Alarcon, Graber, Bybee